FILED'10 AUG 05 15:30USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-35-5-JO |
| | ) | No. CR 08-128-4-JO |
| v. | ) | |
| | ) | FINDINGS OF FACT AND |
| NAZARIO RODRIGUEZ, JR., | ) | CONCLUSIONS OF LAW |
| | ) | |
| Defendant. | ) | |

Adrian L. Brown
Geoffrey A. Barrow
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

   Of Attorneys for United States of America

John E. Storkel
1415 Liberty Street, S.E.
Salem, OR  97302

   Attorney for Defendant

JONES, Judge:

## INTRODUCTION

Defendant Nazario Rodriguez, Jr. is charged in Case No. CR 08-35-5-JO with conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances (Count 1) together with five other co-defendants, including his wife, Lucila Rodriguez; and with an additional count of distribution of cocaine base (Count 4). In Case No. CR 08-128-4-JO, defendant is charged with conspiracy to distribute, and possess with intent to distribute controlled substances (Count 1) together with three other co-defendants, including Lucila Rodriguez. Both cases also include criminal forfeiture allegations relating to property that defendant may have obtained as a result of committing one or more of the alleged controlled substance offenses.

On April 29, 2010, defendant requested a hearing to determine whether he is mentally competent to stand trial in accordance with 18 U.S.C. § 4241(a). In support of his motion, defendant submitted a report to the court dated April 2, 2010, which was prepared by Dr. Alexander Duncan, a licensed psychologist. Dr. Duncan concluded that defendant was not presently competent to stand trial because his low intellectual functioning and memory problems make it extremely difficult for defendant to understand the nature of the proceedings against him and to assist counsel in his defense. On May 6, 2010, at the government's request, the court ordered a further psychological or psychiatric examination, pursuant to 18 U.S.C. § 4247(b). Dr. Thomas Dodson, a licensed psychiatrist with a special certification in forensic psychiatry, examined defendant and submitted his findings to the court on June 29, 2010. Dr. Dodson concluded that even though defendant does suffer from vascular dementia, it is not progressive, the severity is in the "moderate range," and defendant retains enough memory and cognitive

PAGE 2 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

ability to understand legal concepts after being given some education, which would permit him to
assist counsel in his defense.

The question before this court is whether defendant's medical conditions (*e.g.*, coronary
artery disease, hypertension, congestive heart failure, an abdominal aortic aneurism, and a stroke,
which he suffered in 2005) as well as his cognitive limitations resulting in part from a lack of
education, cultural barriers related to defendant's Hispanic heritage (*e.g.*, limited English skills),
and vascular dementia have rendered him mentally incompetent to stand trial or enter a plea with
respect to the offenses charged.  After reviewing all of the evidence submitted by the parties and
conducting a hearing on July 29, 2010, pursuant to 18 U.S.C. § 4247(d), to assess defendant's
competency, I conclude that defendant Nazario Rodriquez, Jr. is competent to stand trial.  My
specific findings of fact and conclusions of law are set forth below.

## STANDARDS

The government bears the burden of demonstrating by a preponderance of the evidence
that a defendant is competent to stand trial.  *United States v. Frank*, 956 F.2d 872, 875 (9th
Cir. 1991) (citing *United States v. Hutson*, 821 F.2d 1015, 1018 (5th Cir. 1987)).  A district court
must base its assessment of a defendant's competency on findings of fact.  *United States v.
Lindley*, 774 F.2d 993 (9th Cir. 1985).

The test used to determine if a defendant is competent to stand trial is "whether he has
sufficient present ability to consult with his lawyer with a reasonable degree of rational
understanding–and whether he has a rational as well as factual understanding of the proceedings
against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotations and citation
omitted).  A defendant "is not competent to waive constitutional rights if mental illness has

PAGE 3 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

substantially impaired his or her ability to make a reasoned choice among alternatives presented

and to understand the nature and consequences of the waiver." *Chavez v. United States*, 656 F.2d

512, 518 (9th Cir. 1981). It is not enough that a defendant is oriented in time and place and has

some recollection of events. *Dusky*, 362 U.S. at 402. A district court "must assess a defendant's

competence with specific reference to the gravity of the decisions the defendant faces." *Chavez*,

656 F.2d at 518.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      I have reviewed all of the evidence submitted by both parties, as well as the testimony of

the witnesses presented at this hearing to determine defendant's mental competency. I

conclude that the government has shown by a preponderance of the evidence that the

defendant is fully competent to stand trial.

2.      In making this finding, I have assessed the seriousness of the charges leveled against the

defendant, and I have considered the gravity of the decisions he faces both in deciding

whether or not to plead guilty, and in developing a strategy should he proceed to trial.

The defendant faces felony conspiracy and narcotics charges in Case No. CR 08-35-5-JO

and Case No. CR 08-128-4-JO. A conviction on the narcotics charges, in particular,

could result in a lengthy term of incarceration, as defendant would be subject to a 10-year

statutory mandatory minimum sentence.

3.      Evidence in the record, including video and audio tape recordings, shows that defendant

had a limited role in the conspiracies; he was not a ringleader or organizer, but simply an

individual who engaged in low-level narcotics transactions with buyers. Defendant knew

what narcotics he had available, where he could obtain additional supplies, and what the

pricing was for each of the quantities of the narcotics, which was all that was required of

him to engage in the alleged offense conduct. I note that the video and audio recordings

in evidence in this case could be used to refresh defendant's recollection of events related

to the charges against him.

4.    At the time the offenses occurred, between 2006 and 2008, defendant sometimes required

the assistance of his wife, co-defendant Lucila Rodriguez, to complete the transactions

due to the cognitive and memory limitations that apparently resulted, at least in part, from

the stroke he suffered in 2005. I find that although defendant suffers from a degree of

vascular dementia, and that it may have progressed over time, this condition has not

progressed to the point that defendant presently lacks the capacity to understand and

remember his role in the narcotics transactions at issue, nor has his intellectual

functioning diminished to the point that he is incapable of understanding the extent and

the seriousness of the charges against him, or of assisting in his defense. Defendant

retains the capacity to understand his potential defenses, and to make reasoned choices

given available alternatives.

5.    I find Dr. Thomas W. Dodson to be fully credible, and afford great weight to his opinion

with respect to defendant's impairments and abilities. Dr. Dodson concluded that

although defendant has significant limitations in his intellectual functioning and memory,

and that he suffers from a stable form (as opposed to a progressive form) of vascular

dementia, defendant does not have a mental disease or defect that would prevent him

PAGE 5 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

from understanding the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

6.   I also find, based on the evidence in the record, that even though he has some physical limitations related to his age and his medical conditions, defendant has been relatively successful in his ability to function in the world–although he requires some assistance–and that defendant has the intellectual ability to learn about the criminal justice system, and to make reasoned choices. I note that defendant was using a wheeled walker in the courtroom, but that he was otherwise able to stand and walk without additional assistance. I further note that defendant was able to converse meaningfully with the court interpreter and defense counsel, and that defendant remained alert and aware (*e.g.*, he did not stare vacantly off into space), and was calm and cooperative throughout the duration of the competency hearing, which lasted nearly three hours.

7.   Based on these observations and on the totality of the evidence in the record, I find that the defendant has the present ability to consult with his lawyer with a reasonable degree of rational understanding, and that he has a rational as well as factual understanding of the proceedings against him.

8.   Accordingly, I conclude that defendant is fully competent to stand trial.

DATED this 5th day of August, 2010.

ROBERT E. JONES
U.S. District Judge

PAGE 6 - FINDINGS OF FACT AND CONCLUSIONS OF LAW